UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ZELDA M. WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:12-CV-53-SPM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This case is before the Court on Commissioner Michael J. Astrue's Motion to Remand the case to the Commissioner for further administrative action pursuant to sentence six of 42 U.S.C. § 405(g). (Doc. No. 16). Plaintiff has not filed an opposition to the Commissioner's motion.

On July 23, 2012, Plaintiff filed a Complaint seeking review of the Commissioner's decision that Plaintiff was not under a disability within the meaning of the Social Security Act. (Doc. No. 1). Both Plaintiff and the Commissioner consented to have the undersigned United States Magistrate Judge conduct all proceedings in the case, including trial and entry of a final judgment, in accordance with 28 U.S.C. § 636(c)(1). (Doc. No. 13). The Commissioner's answer was due on November 28, 2012. (Doc. Nos. 14 & 15).

On November 28, 2012, before filing an answer, the Commissioner filed a motion to remand the case to the Commissioner for further administrative action pursuant to sentence six of 42 U.S.C. § 405(g). (Doc. No. 16). Sentence six of Section 405(g) provides, in relevant part:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . .

42 U.S.C. § 405(g).

The Commissioner represents in his motion that the Appeals Council of the Social Security Administration has determined that significant portions of the recording of the hearing held on November 3, 2010, were inaudible. The Commissioner asserts that if the Court remands this action, the Appeals Council will remand the case to an Administrative Law Judge for a new hearing.

The Court finds that the absence of a full and accurate record of the hearing constitutes good cause for remand. *See Pryor v. Astrue*, No. 2:11CV00032 ERW, 2011 WL 4954810, at *1 (E.D. Mo. Oct. 18, 2011); *see also* H.R. Rep. 96-944, at 59 (1980) (Conf. Rep.) (giving as an example of "good cause" for remand a situation in which the tape recording of a claimant's hearing was inaudible). Thus, the Court remands this case pursuant to sentence six of 42 U.S.C. § 405(g).

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's Motion for Remand (Doc. No. 16) is **GRANTED**.

/s/Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this   13th   day of December, 2012.